# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 9, 2024

Lyle W. Cayce
Clerk

No. 23-30772

———————

Troy B. Guidry,

*Plaintiff—Appellant*,

*versus*

H U D Church Point Housing Authority; Rayne State
Bank; Police Department City of Church Point,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:22-CV-6162

———————————————————————

Before Jolly, Jones, and Willett, *Circuit Judges*.

Per Curiam:[*]

Troy Guidry, proceeding *pro se*, appeals the district court's dismissal of his case for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. He seemingly brought claims against the HUD Church Point Housing Authority for discriminatory eviction under 42

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-30772

U.S.C. § 1982 and the Fair Housing Act;[1] claims against Rayne State Bank for theft, forgery, and bank fraud under Louisiana law; and claims against the Church Point Police Department for wrongful arrest under 42 U.S.C. § 1983 and Louisiana law. The district court dismissed Guidry's claims against Rayne State Bank for lack of subject matter jurisdiction and Guidry's claims against the HUD Church Point Housing Authority and the Church Point Police Department as time barred.

On appeal, Guidry largely restates his factual allegations against the defendants. Beyond asserting without support that he deserved a hearing, he makes no legal arguments challenging the district court's subject matter jurisdiction or statute of limitations rulings.

Because Guidry's appeal lacks any arguable merit, it is frivolous.[2] Accordingly, Guidry's appeal is, in all respects,

DISMISSED.

---

[1] In his opening brief, Guidry also asserts that the HUD Church Point Housing Authority violated his Health Insurance Portability and Accountability Act (HIPAA) rights. In his complaint, he asserts that Christine Richard, a HUD Church Point Housing Authority employee, violated his HIPAA rights, though. The district court therefore did not address this claim in its order dismissing the claims against the HUD Church Point Housing Authority and this claim is not properly before us.

[2] *See* 5TH CIR. R. 42.2 ("If . . . it appears to the court that the appeal is frivolous and entirely without merit, the appeal will be dismissed."); *see also United States v. Dunham*, 995 F.3d 45, 46 (5th Cir. 1993) (dismissing an appeal as frivolous because it "has no arguable basis in law or in fact").